# ATTORNEY'S AFFIDAVIT IN SUPPORT OF MOTION TO INSPECT GRAND JURY MINUTES

Jonathon Moseley, being duly sworn, deposes and says:

1. That I am an attorney at law duly admitted to practice in the Commonwealth of Virginia and in the United States District Court for the District of Columbia. I am the attorney for Kelly Meggs, one of the Accused herein, and this affidavit is made in support of the within motion which requests relief pursuant to Rule 6(e)(3)(C) of the Federal Rules of Criminal Procedure.

2. That Mr. Meggs has heretofore been indicted by the United States Grand Jury and charged jointly with ten individuals with conspiracy to violate Sections of Title 18, United States Code and with eight substantive counts of violations of Sections of Title 18.

3. The relief sought in the within motion is for an order pursuant to Rule 6(e)(3)(C) of the Federal Rules of Criminal Procedure (1) permitting the Accused, Mr. Meggs, to inspect the minutes of the proceedings had before the Grand Jury which issued the indictment herein, or (2) in the alternative, to permit the Mr. Meggs, to inspect the minutes of the Grand Jury testimony of any of the alleged co-conspirators named in the indictment herein.

4. In this case, the Mr. Meggs, denies taking part in the alleged conspiracy with the remaining defendants herein, is not aware of any of the proceedings had before the Grand Jury which indicted him. It is not inconceivable that there are inherent defects in the manner in which the indictment herein was issued. The only way of determining these defects is to be able to inspect the Grand Jury minutes in their entirety.

5. In addition, the Government brings allegations that the Defendants merely talked to one another a lot. Even the alleged "Acts in Furtherance of the Conspiracy" are mostly statements made to one another and are not actions at all.

6. The indictment attempts to criminalize differences of opinion about politics and the nature, track record, and actions of the U.S. Government.

7. The indictment herein makes provably false and sanctionably false allegations against the Accused, Kelly Meggs, as overt acts, that he and others reserved hotel rooms for themselves and each other as part of their innocent trip to Washington, D.C. to provide logistical and security support to legal and peaceful rallies and demonstrations that were issued permits (Paragraph 45), telling others where his hotel was located (Paragraph 64), unloading unidentified and unidentifiable luggage to the hotel (Paragraph 69), getting dressed the same

as they have always done for 12 years since the Oath Keepers was founded in 2009 for events without incident (Paragraph 74), entering unrestricted U.S. Capitol Grounds claimed to be restricted (Paragraph 85), standing in front of the Capitol (Paragraphs 90 and 91), walking in a line for which the word "stack" is an offensive assault upon the honesty and integrity of the courts (Paragraph 93), having other people around him (Paragraph 95), calmly, peacefully, and nonviolently entering the Columbus doors (Paragraph 98-99).

8. It is believed that the evidence and testimony upon which any information is founded which links this Accused with the alleged conspiracy was based purely upon hearsay and suspicion and without the semblance of any legal proof.

9. It is for this reason that the within motion provides alternatively that if this Court is unwilling to permit inspection of the entire transcript of the Grand Jury minutes, then it should order production of those portions of the minutes which contain the testimony of the alleged co-conspirators so that this Accused will be able to examine the alleged conversations or statements made at these supposed meetings.

10. The question of this Accused's guilt or innocence may very well turn upon exactly what was allegedly said at these alleged meetings.

11. Proof at trial of the actual innocence of this Defendant may very well turn upon revealing as evidence and/or as impeachment false information presented to the Grand Jury.

12. After an investigation of the facts and circumstances in this case, I have reason to believe that the evidence submitted to the Grand Jury is insufficient to establish that Mr. Meggs, committed the offense charged against him in the indictment.

13. It is for this reason that I am also asking that this Court grant an order extending this Accused's time within which to move to dismiss the indictment herein until thirty (30) days after the entry of the order determining this motion.

14. It is respectfully stated that I believe the relief sought in the within motion to be material to the proper defense of this case and reasonable in light of the fact that the items are within the possession of, or can be easily obtained by, the government.

15. This affidavit is made by me on information and belief except as to matters stated to be of personal knowledge. Sources of my information and the grounds of my belief are the official files of the United States District Court for the District of Columbia and conversations had with the Accused, Kelly Meggs, and other inquiries made or caused to be made by me.

WHEREFORE, I respectfully join in the prayer of the Accused for the relief set forth in his foregoing notice of motion, for all of which no prior application has been made.

Dated:   February 11, 2022

*Jonathon A. Moseley, Esq.*

USDCDC Bar No. VA005
Virginia State Bar No. 41058
Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:   (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com