UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 22-cr-15 (APM) |
| ELMER STEWART RHODES, III et al., | ) ) ) | |
| Defendants. | ) ) | |

# ORDER

All Defendants in this matter request that (1) the trial scheduled to begin on July 11, 2022, be continued to September 26, 2022, *see* Defs.' Mot. to Continue Trial, ECF No. 66 [hereinafter Mot. to Continue]; and (2) the time to file motions under Federal Rule of Criminal Procedure 12(b)(3)(A)–(D) be extended from March 28, 2022, to April 27, 2022, *see* Defense Request to Extend by 30 Days the Deadline for Filing Rule 12(b) Motions, ECF No. 65. Both motions are denied.

Criminal defendants do not have an "*absolute* right to a continuance to allow counsel to prepare." *United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990). The D.C. Circuit has identified a host of factors that trial courts may consider in deciding whether to grant a continuance request. *See United States v. Burton*, 584 F.2d 485, 490–91 (D.C. Cir. 1978) (listing multiple factors).[1] Among them is the public's interest in a prompt disposition of a criminal case. *Id.* at

---

[1] Those factors include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether

489. A trial court's decision to deny a continuance is erroneous only if unreasoned and arbitrary. *Poston*, 902 F.2d at 132.

The main factor that Defendants cite in support of their request for a continuance is the volume of discovery they have received. Mot. to Continue at 1. According to Defendants, "the government has uploaded 24,261 videos to *Evidence.com*, and 34,095 documents and videos to the *Relativity* discovery platform," and the government continues to make disclosures on a rolling basis. *Id.* Defendants say that "[i]ndexing, organizing, and searching through the discovery has proven to be a herculean task for all defense counsel." *Id.* at 2.

The court is sensitive to the unprecedent volume of discovery that this and other January 6th cases have generated, but Defendants' asserted need for a continuance is, at best, ambiguous.[2] For example, Defendants cite the number of videos uploaded to Evidence.com, but the court suspects that only a fraction of the over 24,000 videos relate to these Defendants. The same is undoubtedly true of the over 34,000 documents uploaded onto the Relativity database. Defendants do not make clear why a July 11 trial date affords them insufficient time to identify and review the evidence that is relevant to *this case*.

Moreover, the government has routinely provided case-specific discovery to Defendants soon after the dates of their arrests. Defendants thus have had for some time now access to the primary evidence against them. To be sure, the discovery relevant to the defense is likely greater than what the government considers to be "case-specific," but Defendants have not given the court

---

> this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may apply in the context of any particular case.

*Burton*, 584 F.2d at 490–91 (footnotes omitted).

[2] The court largely excludes Mr. Rhodes and Mr. Vallejo from the analysis below as both were charged more recently than the other Defendants.

any sense of how much greater. They likewise have not explained why they are unable to identify, review, and incorporate such additional discovery into their defenses by the time of the July trial.

Nor have Defendants offered specific reasons why a denial of the requested continuance will result in "identifiable prejudice" to their cases. *Burton*, 584 F.2d at 491. Generally speaking, Defendants stand accused of the same offenses with which they have been charged since at least August 4, 2021, except the seditious conspiracy charge. Fifth Superseding Indictment, *United States v. Caldwell*, 21-cr-28-APM (D.D.C), ECF No. 328 (naming all defendants in this case other than Mr. Rhodes and Mr. Vallejo). And, as to the seditious conspiracy charge, the evidence pertinent to it overlaps substantially with the conspiracy to obstruct an official proceeding charge that has been at the heart of this prosecution since its inception. A trial date of July 2022 means that Defendants will have had at least eleven months to prepare for trial, and for some, such as Mr. Caldwell, closer to eighteen months. That is enough time to get ready for trial.

Three additional factors warrant denial of the continuance request. First, three Defendants have been held for over a year: (1) Ms. Watkins has been held without bond since her arrest on January 18, 2021, Dkt. Entry, Jan. 18, 2021, *United States v. Caldwell*, 21-cr-28-APM (D.D.C); (2) Mr. Meggs has been held without bond since his arrest on or about February 17, 2021, *id.*, Dkt. Entry, Feb. 17, 2021 (unsealing case); and (3) Mr. Harrelson has been held without bond since his arrest on or about March 10, 2021, *id.*, Dkt. Entry, Mar. 10, 2021 (unsealing case). These Defendants have thus waited over a year for a trial. By July, it will be more than sixteen months. The court has emphasized throughout these and the predecessor *Caldwell* proceedings the importance of getting these three Defendants to trial.[3] They are due their day in court. *See United*

---

[3] In fact, although this is the first motion for a continuance in this docket, in the predecessor *Caldwell* case, trials were originally scheduled for January and April of this year. Minute Order, *United States v. Caldwell*, No. 21-cr-28-APM (D.D.C.), ECF No. 289.

3

*States v. Eiland*, 738 F.3d 338, 355 (D.C. Cir. 2013) (recognizing that length of co-defendants' pretrial detention is a valid consideration on a motion for continuance).

The length of the requested continuance is also a problem. This case consists of ten remaining Defendants, and due to space constraints, the court likely will not be able to try all of them at once. As a result, at the status hearing held on January 25, 2022, the court advised all Defendants that they would be tried in one of two trial groups: the first starting July 11, 2022, and the second starting on September 26, 2022. Hr'g Tr., ECF No. 48, at 69–70. If the court were to continue the July trial to September 2022, as requested, the court would be forced to find another time on its trial calendar for a second four-week trial for those Defendants not in the first trial group. At present, given the court's other *criminal* trial commitments, the earliest a second trial could take place is March 2023. To honor Defendants' request would thus mean that, for some Defendants, their present request for a two-and-a-half-month continuance would be tantamount to a continuance of ten months. The court's docket simply cannot sustain moving a trial of this length, especially when all other trial commitments have been built around it.

Finally, there is the public interest. "The public has a strong interest in the prompt, effective, and efficient administration of justice; the public's interest in the dispensation of justice that is not unreasonably delayed has great force." *Burton*, 584 F.2d at 489. The public interest in this case is high. As noted, Defendants other than Mr. Rhodes and Mr. Vellajo have been charged with offenses related to the events of January 6th since, at the latest, August 2021. The public has a keen interest in having these charges finally resolved. A further delay of the July trial date, which in turn would require pushing back the September trial date, is not in the public interest.

To be clear, not all Defendants are likely be tried in July. The first trial group necessarily will include the three detained Defendants—Ms. Watkins, Mr. Meggs, and Mr. Harrelson—but

4

the other Defendants in that trial group remain to be determined. The court will not insist on Mr. Rhodes or Mr. Vallejo proceeding to trial in July because the first time they were charged with any offense was in January 2022. The court will determine which other Defendants will be in the first trial group at the upcoming status conference.

With respect to the request to extend time to file Rule 12 motions, the court's current scheduling order sets April 15, 2022, as the deadline for such motions. Pretrial Order, ECF No. 64, at 1. Given the tight timetable before the July trial, the court will not grant additional time beyond that date.

Date: March 29, 2022

Amit P. Mehta
United States District Court Judge