UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 22-cr-15 (APM)-7 |
| | ) |
| JOSEPH HACKETT, | )  Oral Argument Requested |
| | ) |
| Defendant. | ) |
| | ) |

**JOSEPH HACKETT'S MOTION TO SEVER COUNT FOURTEEN
AND MEMORANDUM OF LAW**

Pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, Defendant Joseph Hackett, by and through undersigned counsel, hereby moves this Court to sever Count 14 from Counts One through Five so that trial on Count 14 is conducted before the same jury after trial on Counts One through Five concludes. This motion is based on the following memorandum of law and any other authorities the Court may consider. Mr. Hackett respectfully requests oral argument on his Motion to Sever Count Fourteen.

**MEMORANDUM OF LAW IN SUPPORT OF JOSEPH HACKETT'S MOTION TO
SEVER COUNT FOURTEEN**

An indictment against Mr. Hackett was returned on or about January 12, 2022, charging him with violations of 18 U.S.C. §§ 2384 (Count One, seditious conspiracy), 1512(k) (Count Two, conspiracy to obstruct an official proceeding), 1512(c)(2) (Count Three, obstruction of an official proceeding), 372 (Count Four, conspiracy to prevent an officer from discharging any duties), 1361 (Count Five, destruction of government property), and 1512(c)(1) (Count 14,

2

tampering with documents or proceedings). Rule 14(a) of the Federal Rules of Criminal Procedure permits the Court to order separate trials of counts "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Mr. Hackett respectfully asserts that he is entitled to severance of Count 14. He does not seek an entirely separate trial; rather he asks that he first be tried on Counts One through Five of the Indictment, and upon conclusion of that matter, he will be tried before the same jury on Count 14. It will prejudice Mr. Hackett to be tried on all counts during a single trial proceeding.

**I.     LEGAL ARGUMENT**

As a threshold matter, Mr. Hackett does not contend that Count 14 was improperly joined with Counts One through Five pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure. If joinder were improper, severance of the offenses would be required. ("Where offenses have been improperly joined in the indictment, severance is required 'as a matter of course without regard to the merits of defendant's claims of prejudice under Rule 14.'" *U.S. v. Dileo*, 859 F. Supp. 940, 942 (W.D. Pa. 1994 (quoting *U.S. v. Winchester*, 407 F. Supp. 261, 264-65 (D. Del. 1975)). Mr. Hackett acknowledges that because he does not challenge joinder pursuant to Fed.R.Cr.P. 8(a), relief under Fed.R.Cr.P. 14(a) is discretionary. The court "may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *Id.*

In *Drew v. U.S.*, 331 F.2d 85 (D.C. Cir. 1964), this Circuit explained that

> [t]he justification for a liberal rule on joinder of offenses appears to be the economy of a single trial. The argument against joinder is that the defendant may be prejudiced for one or more of the following reasons: (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilty of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged

3

>and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engineered by the charging of several crimes as distinct from only one. Thus, in any given case the court must weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in judicial administration.

*Id.* at 88.

In Mr. Hackett's case, all three concerns articulated by the *Drew* Court are implicated; moreover, Mr. Hackett does not seek to select two juries. He proposes that one jury will first hear the evidence and arguments as to Counts One through Five, and upon conclusion of that trial, the same jury will hear evidence and argument as to Count 14. His proposal does not add a significant burden to the Court.

Mr. Hackett's defense to Count 14 cannot be fairly and adequately presented to the jury if he is forced to defend all six counts in one, single trial. As the *Drew* Court explains, a defendant may become "confounded in presenting separate defenses," *id.,* which is one of Mr. Hackett's concerns. If the Court requires further explanation, Mr. Hackett respectfully asks that his counsel be permitted to present additional information *in camera* for the Court's inspection. To elaborate further requires Mr. Hackett to waive defense work product, and he is not prepared to do so unless it is *in camera* and kept confidential from the government until the trial begins.

There exists a real danger that if the jury hears evidence on all six counts in one, single trial, the "jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged." *See id., supra,* 331 F.2d at 88. The government alleges that Mr. Hackett's participation in events prior to and on January 6, 2021, amount to criminal conduct in violation of Counts One through Five. Count 14, however, alleges that sometime on or after January 6, 2021, Mr. Hackett deleted

4

non-specified material from his cellular telephone. The jury may improperly infer that *because* he deleted something from his cellular phone, he *must* have believed himself guilty of the conduct charged in Counts One through Five. Conversely, the jury may infer that *because* of his conduct prior to and on January 6, 2021, he *must* have known he was committing obstruction when he deleted items from his phone.

Lastly, there also exists the danger that the jury may cumulate the evidence from all charges and find him guilty of all counts, when the outcome may be different if presented at two separate trial proceedings. Mr. Hackett contends that jury and limiting instructions are not sufficient to cure the prejudice created by trying him on all six counts in one, single trial.

## II.     CONCLUSION

For the reasons set forth herein, Mr. Hackett respectfully moves the Court to sever Count 14 and allow Mr. Hackett to proceed to trial on that count following conclusion of trial on Counts One through Five of the Indictment. Mr. Hackett requests oral argument and he reserves the right to supplement his Motion to Dismiss as appropriate or necessary.

Respectfully submitted,

_____/s/ Angela Halim_____
Angela Halim, Esq.,
Counsel for Joseph Hackett
3580 Indian Queen Lane
Suite 10A
Philadelphia, PA  19129
(215) 300-3229
angiehalim@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, a copy of the foregoing Motion to Sever Count Fourteen and Memorandum of Law was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF. The same is available for viewing and downloading upon the following:

AUSA Jeffrey Nestler<br>
AUSA Kathryn L. Rakoczy<br>
Office of the United States Attorney<br>
555 4th Street, NW<br>
Washington D.C. 20001

                                                              /s/ Angela Halim
                                                                Angela Halim, Esq.

Dated: April 15, 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 22-cr-15 (APM)-7 |
| | ) |
| JOSEPH HACKETT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendant's Motion to Sever Count Fourteen, the government's response thereto, and oral argument, it is hereby **ORDERED** that the motion is **GRANTED**. Count Fourteen shall be severed and tried separately from Counts One through Five before the jury.

_____
**The Honorable Amit P. Mehta**
**United States District Court Judge**