IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL NUMBERS:** |
| | : | |
| **ELMER STEWART RHODES III,** | : | 22-cr-15-APM |
| **KELLY MEGGS,** | : | |
| **KENNETH HARRELSON,** | : | |
| **JESSICA WATKINS,** | : | |
| **ROBERTO MINUTA,** | : | |
| **JOSEPH HACKETT,** | : | |
| **DAVID MOERSCHEL,** | : | |
| **THOMAS CALDWELL,** | : | |
| **EDWARD VALLEJO,** | : | |
| | : | |
| **DONOVAN CROWL,** | : | 21-cr-28-APM |
| **SANDRA PARKER,** | : | |
| **BENNIE PARKER,** | : | |
| **LAURA STEELE,** | : | |
| **CONNIE MEGGS,** | : | |
| **WILLIAM ISAACS,** | : | |
| **JAMES BEEKS, and** | : | |
| | : | |
| **JONATHAN WALDEN,** | : | 22-cr-14-APM |
| | : | |
| **Defendants.** | : | |

## MOTION FOR INQUIRY PURSUANT TO D.C. RULE OF PROFESSIONAL CONDUCT 1.8(e)

The United States respectfully moves the Court to conduct an inquiry, *in camera* and/or *ex parte* if necessary, to assure itself that certain defense counsel are in compliance with D.C. Rule of Professional Conduct 1.8(e) and that certain defendants themselves have provided informed consent. The government suggests that such an inquiry include a review of the fee-arrangement agreement.

D.C. Rule 1.8(e) provides that "[a] lawyer shall not accept compensation for representing a client from one other than the client," unless each of the following three conditions are met:

> (1) The client gives informed consent after consultation;
>
> (2) There is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and
>
> (3) Information relating to representation of a client is protected as required by Rule 1.6.

D.C. R. Prof'l Conduct 1.8(e).[1]  This Court's Local Criminal Rule 57.26(a) explicitly adopts the D.C. Rules of Professional Conduct.

Based on public reporting, the government understands that an organization named Defending the Republic, which is controlled by lawyer Sidney Powell, is paying the fees of certain defense counsel in these cases. *See* Dan Friedman, "An Infamous MAGA Lawyer Is Funding Wacky Legal Defenses for January 6 Suspects," *Mother Jones* (May 20, 2022);[2] Ken Bensinger, "Sidney Powell Has Secretly Been Funding the Legal Defense of the Oath Keepers," *BuzzFeed News* (Mar. 9, 2022).[3] The reporting states that Defending the Republic is paying the legal fees in these related cases for *at least* Defendants Stewart Rhodes, Kelly Meggs, Connie Meggs, and Kenneth Harrelson.

The government is filing this motion because it has an interest and an obligation to ensure it represents its client, the United States, competently (D.C. Rule 1.1) and diligently (D.C. Rule 1.3). Those duties include raising potential conflicts with the Court as they arise, ensuring that defendants and third parties are adequately advised of their rights, and protecting the record by involving the Court in the process of addressing a potential conflict before it undermines a

---

[1] This rule is almost identical to ABA Model Rule of Professional Conduct 1.9(f).
[2] https://www.motherjones.com/politics/2022/05/sidney-powell-january-6-lawyers-kelly-meggs-jonathan-moseley-juli-haller/.  Attached as Exhibit 1.
[3] https://www.buzzfeednews.com/article/kenbensinger/sidney-powell-funding-oath-keepers-defense.  Attached as Exhibit 2.

proceeding and a defendant's right to competent and conflict-free representation. *See, e.g., Manhalt v. Reed*, 847 F.2d 576, 583-84 (9th Cir. 1988) (observing, after concluding that the defendant's Sixth Amendment rights were violated where his lawyer's conflict of interest adversely affected his lawyer's performance, that prosecutors "had an ample opportunity to bring the potential conflict to the trial judge's attention and move for disqualification if appropriate" and that "[s]uch a process would have also enabled [the defendant] if he so desired to waive any conflict on the record after adequate warning"); *see also United States v. Stantini*, 85 F.3d 9, 13 (2d Cir. 1996) ("Convictions are placed in jeopardy and scarce judicial resources are wasted when possible conflicts are not addressed as early as possible.  We therefore reiterate our admonition to the government in earlier cases to bring potential conflicts to the attention of trial judges.").

In the related context of a lawyer's joint representation of criminal defendants, *see* Fed. R. Crim. P. 44(c)(2), the D.C. Circuit has admonished that a district judge "has a duty to ascertain whether each defendant has an awareness of the potential risks of that course and nevertheless has knowingly chosen it."  *Campbell v. United States*, 352 F.2d 359, 360 (D.C. Cir. 1965).

To determine whether a lawyer is in compliance with Rule 1.8(e)'s strict requirements, the Court may need to review the third-party fee-arrangement agreement.  *See United States v. Fazzio*, No. 11-cr-157, 2011 WL 6140746, at *3 (E.D. La. Dec. 9, 2011) (reviewing the fee-arrangement agreement in a criminal case and concluding that it produced a conflict in two separate ways).  The Court may similarly need to conduct a colloquy with the lawyer and client to determine whether the client was sufficiently apprised of the nature of the conflict.  *See In re Hager*, 812 A.2d 904, 914-15 (D.C. 2002) (affirming a finding of a Rule 1.8(e) violation based in part on the client's failure to provide *informed* consent).

On June 16, 2022, the government sent a letter to the retained defense counsel in these related cases (attached as Exhibit 3), requesting that those counsel certify that they are in compliance with Rule 1.8(e). Those counsels' responses can be summarized as:

1. Attorney David Fischer, who represents Thomas Caldwell, stated that he was in compliance with Rule 1.8(e) and that he "has received no funding from, and has no affiliation with, Defending the Republic."

2. Attorney Scott Weinberg, who represents David Moerschel, stated he was in compliance with Rule 1.8(e) and that he was not receiving any funding from Defending the Republic.

3. Attorney Gene Rossi, on behalf of himself and co-counsel Natalie Napierala and Charles Greene, who represent William Isaacs, stated that they were in compliance with Rule 1.8(e) and that they were not receiving any funding from Defending the Republic.

4. Attorney Tommy Spina, on behalf of himself and co-counsel Edward B. MacMahon, Jr., who represent Jonathan Walden, stated that they were in compliance with Rule 1.8(e) and that they were not receiving any funding from Defending the Republic.

5. Attorneys Julia Haller and Stanley Woodward, who together represent Kelly Meggs and Connie Meggs, stated that they were in compliance with Rule 1.8(e). They did not specifically inform the government whether their fees were being paid by Defending the Republic.

6. Attorney William Shipley, who represents Roberto Minuta, declined to answer, but wrote, "Should Judge Mehta wish for my client or me to explain the arrangement for funding my client's legal defense in order to confirm that my client's Sixth Amendment right to conflict-free counsel are being afforded – or waived – we will provide him with whatever information he requests."

7. Attorney Bradford Geyer, who represents Kenneth Harrelson, stated that he was in compliance with Rule 1.8(e). He declined to inform the government whether his fees were being paid by Defending the Republic.

The other defense counsel whom the government believes to be retained rather than court-appointed – Phillip Linder and James Lee Bright for Stewart Rhodes, and Jonathan Crisp for Jessica Watkins – have not yet responded to the government's letter.

The government therefore respectfully requests that, at the Court's earliest convenience, the Court order all retained counsel to provide the Court with any fee agreement for review *ex parte* and *in camera*, conduct an on-the-record colloquy in open court with all retained counsel to ensure their compliance with the requirements in Rule 1.8(e), and conduct an on-the-record colloquy in open court with all defendants who have retained counsel to ensure that their consent under Rule 1.8(e)(1) is fully informed.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     /s/
Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530

     /s/
Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division,
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004